1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                       EASTERN DISTRICT OF CALIFORNIA

10

NICKY DIAZ CARRILLO,              )      1:05-CV-00163 OWW GSA HC
11                                       )
                    Petitioner,          )
12                                       )      FINDINGS AND RECOMMENDATION
        v.                               )      REGARDING PETITION FOR WRIT OF
13                                       )      HABEAS CORPUS
                                         )
14   A. K. SCRIBNER,                     )
                                         )
15                  Respondent.          )
                                         )
16   _____)

17          Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

18   pursuant to 28 U.S.C. § 2254.

19                              **BACKGROUND**

20          Petitioner is currently in the custody of the California Department of Corrections pursuant to

21   a judgment of the Superior Court of California, County of Kings, following his conviction by plea of

22   guilty on August 19, 2003, to one count of possession of a weapon by an inmate in violation of Cal.

23   Penal Code § 4502(a). (CT[1] 21.) Petitioner admitted the allegation that he had sustained a prior

24   "strike" conviction for carjacking. (CT 21, 31.) Petitioner was sentenced to serve a term of four years

25   consecutive to his current term. (CT 21.)

26          Petitioner appealed his conviction to the California Court of Appeals, Fifth Appellate District

27

28          _____

            [1]"CT" refers to the Clerk's Transcript on Appeal lodged with the Court by Respondent.

1  (hereinafter "Fifth DCA"). On June 24, 2004, the Fifth DCA affirmed the conviction in a reasoned

2  decision. See Exhibit 3, Respondent's Answer. Petitioner then filed a petition for review in the

3  California Supreme Court. See Exhibit 4, Respondent's Answer. The petition was summarily denied

4  on September 17, 2004. See Exhibit 5, Respondent's Answer.

5      On February 7, 2005, Petitioner filed the instant petition for writ of habeas corpus in this

6  Court. Petitioner raises the following four (4) claims for relief: 1) He claims he was given a second

7  strike in violation of his plea agreement; 2) He claims the trial court failed to exercise its discretion

8  in enforcing the plea agreement; 3) He alleges he received ineffective assistance of counsel for trial

9  and appellate counsels' failure to challenge the terms of the plea agreement; and 4) He contends his

10  sentence violated his equal protection rights under the Fourteenth Amendment. Respondent filed an

11  answer on July 1, 2005. Petitioner filed a traverse on September 9, 2005.

12                          **FACTUAL BACKGROUND**

13      Petitioner pleaded guilty to one count of possession of a weapon by an inmate. It was

14  stipulated that the factual basis for the plea was established at the preliminary hearing. (CT 30.) At

15  that hearing, Correctional Officer Russell Roper testified that he conducted a cell search of the cell

16  belonging to Petitioner. (CT 8.) During the search, he discovered three razor blades secreted within a

17  Bible. (CT 9.)

18      Petitioner also admitted that he had suffered a prior conviction on October 25, 1999, of a

19  serious or violent felony, namely, carjacking in violation of Cal. Penal Code § 215. (CT 31.)

20                              **DISCUSSION**

21  **I.  Jurisdiction**

22      Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant

23  to the judgment of a state court if the custody is in violation of the Constitution or laws or treaties of

24  the United States.  28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362,

25  375 fn.7 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S.

26  Constitution.  In addition, the conviction challenged arises out of the Kings County Superior Court,

27  which is located within the jurisdiction of this court.  28 U.S.C. § 2254(a); 2241(d).  Accordingly,

28  the Court has jurisdiction over the action.

1   On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of

2   1996 ("AEDPA"), which applies to all petitions for writ of habeas corpus filed after its enactment.

3   Lindh v. Murphy, 521 U.S. 320 (1997), *cert. denied,* 522 U.S. 1008 (1997); Jeffries v. Wood, 114

4   F.3d 1484, 1499 (9th Cir. 1997), *quoting* Drinkard v. Johnson, 97 F.3d 751, 769 (5th Cir.1996), *cert.*

5   *denied,* 520 U.S. 1107 (1997), *overruled on other grounds by* Lindh v. Murphy, 521 U.S. 320 (1997)

6   (holding AEDPA only applicable to cases filed after statute's enactment).  The instant petition was

7   filed after the enactment of the AEDPA; thus, it is governed by its provisions.

8   **II.  Legal Standard of Review**

9   This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody

10   pursuant to the judgment of a State court only on the ground that he is in custody in violation of the

11   Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

12   The instant petition is reviewed under the provisions of the Antiterrorism and Effective Death

13   Penalty Act which became effective on April 24, 1996.  Lockyer v. Andrade,  538 U.S. 63, 70

14   (2003).  Under the AEDPA, an application for habeas corpus will not be granted unless the

15   adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable

16   application of, clearly established Federal law, as determined by the Supreme Court of the United

17   States" or "resulted in a decision that was based on an unreasonable determination of the facts in

18   light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); see Lockyer,

19   538 U.S. at 70-71; see Williams, 529 U.S. at 413.

20   As a threshold matter, this Court must "first decide what constitutes 'clearly established

21   Federal law, as determined by the Supreme Court of the United States.'" Lockyer, 538 U.S. at 71,

22   *quoting* 28 U.S.C. § 2254(d)(1).  In ascertaining what is "clearly established Federal law," this Court

23   must look to the "holdings, as opposed to the dicta, of [the Supreme Court's] decisions as of the time

24   of the relevant state-court decision." Id., *quoting* Williams, 592 U.S. at 412. "In other words, 'clearly

25   established Federal law' under § 2254(d)(1) is the governing legal principle or principles set forth by

26   the Supreme Court at the time the state court renders its decision." Id.

27   Finally, this Court must consider whether the state court's decision was "contrary to, or

28   involved an unreasonable application of, clearly established Federal law." Lockyer, 538 U.S. at 72,

*quoting* 28 U.S.C. § 2254(d)(1). "Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." <u>Williams</u>, 529 U.S. at 413; <u>see also</u> <u>Lockyer</u>, 538 U.S. at 72. "Under the 'reasonable application clause,' a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." <u>Williams</u>, 529 U.S. at 413.

"[A] federal court may not issue the writ simply because the court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly.  Rather, that application must also be unreasonable." <u>Id</u>. at 411.  A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." <u>Id</u>. at 409.

 Petitioner has the burden of establishing that the decision of the state court is contrary to or involved an unreasonable application of United States Supreme Court precedent. <u>Baylor v. Estelle</u>, 94 F.3d 1321, 1325 (9th Cir. 1996).  Although only Supreme Court law is binding on the states, Ninth Circuit precedent remains relevant persuasive authority in determining whether a state court decision is objectively unreasonable.  <u>See</u> <u>Duhaime v. Ducharme</u>, 200 F.3d 597, 600-01 (9th Cir.1999).

AEDPA requires that we give considerable deference to state court decisions. The state court's factual findings are presumed correct. 28 U.S.C. § 2254(e)(1). We are bound by a state's interpretation of its own laws. <u>Souch v. Schaivo</u>, 289 F.3d 616, 621 (9th Cir.2002), *cert. denied*, 537 U.S. 859 (2002), *rehearing denied*, 537 U.S. 1149 (2003).

**III.  Review of Petitioner's Claims**

**A.  Grounds One, Two, Three**

In his first three claims for relief, Petitioner alleges error and misconduct on the part of the prosecutor, trial court, defense counsel, and appellate counsel which resulted in a violation of his plea agreement.  He contends that he pleaded guilty to a single "strike" conviction, not two. He claims the terms of his plea agreement specified he would admit the prior conviction for carjacking

1  as a strike, but the instant conviction would not be considered a strike. He avers that the abstract of

2  judgment shows he sustained two strikes, one for carjacking and one for the instant offense. As

3  correctly argued by Respondent, there is no factual basis for these claims.

4        On August 19, 2003, counsel for Petitioner notified the Court that Petitioner intended to

5  plead guilty to the charge of possession of a weapon by an inmate. (CT 24.) Petitioner would plead

6  to the charge and admit the prior strike of carjacking in exchange for a stipulated sentence of four

7  years. (CT 24.) All parties agreed that the instant offense was not a strike offense. (CT 26.) The only

8  strike offense was the prior carjacking offense. (CT 26.) The court then sentenced Petitioner

9  accordingly. (CT 30-31.)

10        Petitioner complains that he has been given a second strike for the instant offense in violation

11  of his plea agreement. This is simply not the case. As recited above, the only strike given was for the

12  prior offense of carjacking. The parties agreed and the trial court found the instant offense was not a

13  strike offense. (CT 26.) Petitioner argues the abstract of judgment shows the instant offense was

14  listed as a second strike, and he has provided a copy of the abstract. See Exhibit, Traverse. The Court

15  has reviewed the abstract. There is nothing in the abstract which shows the instant offense was made

16  a second strike. Therefore, Respondent's argument is correct; there is no factual basis to Grounds

17  One, Two, or Three, and they should be denied.

18  **B.  Ground Four**

19        In his final claim for relief, Petitioner argues that the increased sentence he was given

20  violates his constitutional rights. He contends the carjacking prior was not considered a strike

21  offense at the time he committed it; therefore, the use of that prior to increase his sentence for the

22  current offense violates the constitutional proscription against ex post facto laws and double

23  jeopardy.

24        This claim was presented on direct appeal to the Fifth DCA and rejected in a reasoned

25  opinion. See Exhibit 3, Respondent's Answer. The claim was then presented to the California

26  Supreme Court in the petition for review and was summarily denied on September 15, 2004. See

27  Exhibits 4, 5.

28        The Fifth DCA analyzed the claim as follows:

[Petitioner] contends his 1999 carjacking conviction cannot be deemed a strike because it occurred at a time when that conviction did not qualify as a strike. The major premise of this claim, which is correct, is as follows. A prior California conviction, in order to qualify as a strike, must be for a felony offense classified as "serious" under section 1192.7, subdivision (c) or "violent" under section 667.5, subdivision (c). (§§ 667, subd. (d)(1); 1170.12, subd. (b)(1).) Prior to the enactment of Proposition 21 in March 2000, carjacking was not one of the felonies listed as "serious" under section 1192.7, subdivision (c), and it qualified as a "violent" felony under section 667.5, subdivision (c) only if it was charged and proved under section 12022 that in committing the offense the defendant personally used a dangerous or deadly weapon. (Former § 667.5, subd. (c)(17).) Proposition 21 expanded subdivision (c) of section 1192.7 to include carjacking in the list of serious felonies (§ 1192.7, subd. (c)(27)) and modified subdivision (c)(17) of section 667.5, eliminating the requirement that a deadly-or-dangerous-weapon enhancement be charged and proved.

There is no indication [Petitioner's] 1999 carjacking conviction involved the use of a weapon, and therefore that conviction did not qualify as a serious felony under the pre-Proposition 21 version of section 1192.7, subdivision (c). Nor is there any indication of any factor that would have qualified that offense as a violent felony (§ 667.5, subd. (c)) prior to the enactment of Proposition 21. Thus, as [Petitioner] asserts, at the time of his conviction of carjacking, that conviction could not qualify as a strike. This factor notwithstanding, however, [Petitioner's] contention is without merit because [Petitioner] committed the *instant felony* well after the enactment of Proposition 21, and at that time, as indicated above, a conviction of carjacking qualified as a strike. (*People v. James* (2001) 91 Cal.App.4th 1147, 1150 ["if a defendant's current offense was committed on or after the effective date of Proposition 21, a determination whether the defendant's prior conviction was for a serious felony within the meaning of the three strikes law must be based on the definition of serious felonies in Penal Code section 1192.7, subdivision (c) in effect on March 8, 2000"]; *People v. Brady* (1995) 34 Cal.App.4th 65, 71-72, fn. omitted ["'"[i]ncreased penalties for subsequent offenses . . . attributable to the defendant's status as a repeat offender . . . arise as an incident of the subsequent offense rather than constituting a penalty for the prior offense"'" and therefore do not violate constitutional prohibitions of ex post facto laws.].)

See Exhibit 3, Respondent's Answer.

The state court rejection of this claim was not contrary to or an unreasonable application of controlling Supreme Court authority. The Supreme Court has "repeatedly upheld recidivism statutes against contentions that they violate constitutional strictures dealing with double jeopardy, ex post facto laws, cruel and unusual punishment, due process, equal protection, and privileges and immunities." Parke v. Raley, 506 U.S. 20, 27 (1992). "Enhancement statutes, whether in the nature of criminal history provisions such as those contained in the Sentencing Guidelines, or recidivist statutes which are common place in state criminal laws, do not change the penalty imposed for the earlier conviction." Nichols v. United States, 511 U.S. 738, 747 (1994). "[T]he enhanced punishment imposed for the later offense 'is not to be viewed as either a new jeopardy or additional penalty for the earlier crimes,' but instead as 'a stiffened penalty for the latest crime, which is considered to be

1   an aggravated offense because a repetitive one.'" <u>Parke</u>, 506 U.S. at 27, *quoting* <u>Gryger v. Burke</u>,

2   334 U.S. 728, 732 (1948).  Thus, the enhanced sentence here does not violate equal protection or the

3   prohibition against ex post facto laws, nor does it constitute double jeopardy.  The claim should be

4   denied.

5                                         **RECOMMENDATION**

6           Accordingly, the Court RECOMMENDS that the petition for writ of habeas corpus be

7   DENIED WITH PREJUDICE and the Clerk of Court be DIRECTED to enter judgment for

8   Respondent.

9           This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United

10  States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 72-304

11  of the Local Rules of Practice for the United States District Court, Eastern District of California.

12  Within thirty (30) days (plus three days if served by mail) after being served with a copy, any party

13  may file written objections with the court and serve a copy on all parties.  Such a document should

14  be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the

15  objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail)

16  after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to

17  28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified

18  time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th

19  Cir. 1991).

20

21          IT IS SO ORDERED.

22      **Dated:   January 16, 2008**                    **/s/ Gary S. Austin**
                                                UNITED STATES MAGISTRATE JUDGE
23

24

25

26

27

28